IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID ANTHONY PEARSON, JR.,

                      Plaintiff,

v.

CAPTAIN JIM VERSE,

                      Defendant.

OPINION and ORDER

22-cv-409-jdp

---

Defendant Captain Jim Verse has moved for partial summary judgment, contending that pro se plaintiff David Anthony Pearson, Jr. failed to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA) on his procedural due process claim. Dkt. 21. Pearson has not responded to Verse's motion. I will grant the motion and dismiss Pearson's procedural due process claim. The case will continue on Pearson's other claims.

BACKGROUND

As relevant here, I allowed Pearson to proceed on a claim that Verse allowed a biased officer to preside at Pearson's disciplinary hearing in violation of procedural due process. Pearson alleged that the hearing officer was biased because he participated in the event underlying Pearson's disciplinary charges. Pearson is detained at the La Crosse County Jail.

Verse supported his motion with his affidavit, Pearson's grievance history, and a report of the incident underlying Pearson's disciplinary charges. *See* Dkt. 23. According to the report, on May 10, 2022, Pearson was placed in disciplinary confinement for, among other actions, threatening another prisoner and resisting jail staff. Dkt. 23-5 at 1. Toward the end of jail staff's efforts to transport Pearson from his block to the receiving area, Pearson saw Sergeant

Bret Miller. *See id.* at 2. Verse contends that Miller did not participate in the incident because Miller merely "watch[ed Pearson] walk off the elevator." *See* Dkt. 23-7.[1]

On May 13, 2022, Miller conducted a disciplinary hearing and imposed 70 days' disciplinary segregation. Dkt. 23-5 at 5. Pearson appealed this decision and Verse affirmed. *See* Dkt. 23-5 at 5–6. Verse's decision contains no indication that Miller's alleged bias was an issue in the appeal. *See id.*

On May 14, 2022, Pearson filed a grievance contending that jail staff abused him during the May 10 incident, and that Sgt. Miller "sat back and watch[ed]." Dkt. 23-4. Pearson does not contend in this grievance that his disciplinary hearing was unfair because Miller participated in the incident leading to his disciplinary charges. *Id.*

On July 16, 2022, Pearson filed a grievance contending that he did not receive due process at his disciplinary hearing because Miller "observed and was a part of the incident" that led to his disciplinary charges. Dkt. 23-6. This grievance was rejected because "it was not timely filed within 7 days of the underlying events of the grievance." Dkt. 23 ¶ 13; Dkt. 23-6. Verse contends that, despite Pearson's failure to appeal the rejection, Verse responded to Pearson "as a courtesy," Dkt. 23 ¶ 15, stating that Miller "was not part of the incident" because he "simply watch[ed Pearson] walk off the elevator," Dkt. 23-7. Verse's response is terse and does not state that it is a denial of Pearson's grievance. *See id.*

---

[1] The record shows that Pearson received the materials supporting Verse's motion, including the exhibits supporting Verse's affidavit. *See* Dkt. 21-1; Dkt. 32; Dkt. 33.

PLRA EXHAUSTION STANDARD

Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). "The exhaustion requirement's primary purpose is to alert the [prison] to the problem and invite corrective action." *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (alteration adopted). "Exhaustion is an affirmative defense, with the burden of proof on the defendants." *Id.*

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Conyers*, 416 F.3d at 584 ("Exhaustion requires complying with the rules applicable to the grievance process at the inmate's institution."). The PLRA's exhaustion requirement is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) ("We take a strict compliance approach to exhaustion." (alteration adopted)). Failure to exhaust requires dismissal of a prisoner's unexhausted claim without prejudice. *See Miles v. Anton*, 42 F.4th 777, 780 (7th Cir. 2022); *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

La Crosse County Jail Policy 609 establishes a process by which prisoners "may file grievances and receive a formal review regarding the conditions of their confinement." Dkt. 23-1 at 1; Dkt. 23 ¶ 5. As relevant here, if staff cannot informally resolve a grievance, the prisoner must file a grievance "within 7 days of the complaint or issue." Dkt. 23-1 at 1.

"[A] procedural shortcoming like failing to follow the prison's time deadlines amounts to a failure to exhaust only if prison administrators explicitly relied on that shortcoming [in rejecting a grievance]." *See Conyers*, 416 F.3d at 585. "A prisoner has exhausted his remedies if

3

officials ignore a procedural fault in a grievance and address its merits without rejecting it on procedural grounds." *Webb v. Bender*, 717 F. App'x 642, 644 (7th Cir. 2018); *see also Maddox v. Love*, 655 F.3d 709, 721–22 (7th Cir. 2011).

Prisoners are only required to exhaust administrative remedies that are available to them. *Ross v. Blake*, 578 U.S. 632, 642 (2016). Defendants bear the "burden of proving the availability of administrative remedies." *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006).

ANALYSIS

Pearson failed to exhaust available administrative remedies on his procedural due process claim. Only two of Pearson's grievances are relevant to the issue of exhaustion. Pearson's May 14 grievance failed to exhaust administrative remedies because Pearson did not complain that his disciplinary hearing was unfair because Miller was biased against him due to Miller's alleged participation in the underlying incident. Rather, Pearson complained that staff abused him during the May 10 incident and that Sgt. Miller "sat back and watch[ed]," which only suggests that Miller failed to intervene in officers' alleged abuse. *See* Dkt. 23-4; Dkt. 22 at 7. The May 14 grievance failed to satisfy the primary purpose of the PLRA's exhaustion requirement, i.e., "to alert the [jail] to the [alleged] problem [with bias] and invite corrective action." *See Turley*, 729 F.3d at 649; *see also King v. Dart*, No. 22-1611, 2023 WL 2594964, at *4 (7th Cir. Mar. 22, 2023) (publication forthcoming) ("Because the allegations in the grievance [did] not support the claim [that the plaintiff] pursued in [his federal] lawsuit, [he] did not give the Jail notice of his claim against [the defendant]."); *Schillinger v. Kiley*, 954 F.3d 990, 996 (7th Cir. 2020) (prisoner failed to exhaust administrative remedies when the allegations in his grievance failed to notify the prison of his claim for relief in federal court).

4

Pearson's July 16 grievance failed to exhaust his procedural due process claim. Although Pearson contended that his disciplinary hearing was unfair due to Miller's alleged bias, that grievance was rejected because Pearson failed to file it within seven days of the May 10 incident. Dkt. 23 ¶ 13; Dkt. 23-6; *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) (holding that, to exhaust administrative remedies, a prisoner must follow the procedural rules governing filing of a claim, including time limits). The jail "explicitly" relied on this procedural bar. *See Conyers*, 416 F.3d at 585. The evidence shows that Verse's response stating that Miller could conduct the disciplinary hearing was simply "a courtesy," not a rejection of the July 16 grievance on the merits. *See* Dkt. 23 ¶ 15; Dkt. 23-7. This is not a case where Pearson's July 16 grievance "was rejected on the merits . . . without any indication from prison officials that it was procedurally deficient." *See Maddox*, 655 F.3d at 721.

Verse's evidence shows that Pearson filed grievances before and after his May 13 disciplinary hearing, including one on May 14. *See* Dkt. 22 at 4; Dkt. 23. A reasonable factfinder could only conclude that the administrative process was available to Pearson. Because Verse has shown that Pearson failed to exhaust his available administrative remedies, I will grant his motion for partial summary judgment and dismiss Pearson's procedural due process claim.

ORDER

IT IS ORDERED that:

1. Defendant's motion for partial summary judgment, Dkt. 21, is GRANTED. Pearson's procedural due process claim is DISMISSED without prejudice for failure to exhaust administrative remedies.

2. The clerk of court is directed to send plaintiff a copy of this order.

Entered April 10, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge
